**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF FLORIDA**

**TALLAHASSEE DIVISION**

KEVIN CHAMBERLAIN, an individual,
NED NEWCOMER, an individual, and
JERALD ADLER, an individual, on their
own behalf and on behalf of all others
similarly situated,

Case No. 4:10cv477 -spm/wcs

      Plaintiffs,

vs.

INTEGRACLICK, INC., a Delaware
corporation, d/b/a Clickbooth, JUST
THINK MEDIA, a Canadian company,
d/b/a FAREND SERVICES LIMITED,

      Defendants.

_____/

**NOTICE OF REMOVAL AND JURY DEMAND**

Pursuant to 28 U.S.C. §1441, Defendant 1021018 Alberta Ltd., an Alberta

corporation doing business as "JustThink Media" ("JTM"), incorrectly sued herein

as "Just Think Media, a Canadian company, d/b/a Farend Services Limited," gives

notice of its removal of the within action to the United States District Court for the

Northern District of Florida, Tallahassee Division, from the Circuit Court of the

State of Florida in and for the Second Judicial Circuit, of Leon County, Florida, Civil Division, wherein the same was filed on December 1, 2009 by Plaintiffs Kevin Chamberlain, Ned Newcomer, and Jerald Adler, individuals on their own behalf and purporting to act on behalf of all others similarly situated ("plaintiffs"), in *Kevin Chamberlain, etc., et al., v. IntegraClick, Inc., et al.,* Case No. 09CA4695 ("the state court action").

JTM reserves any and all defenses available to it, including without limitation those defenses pursuant to Fed. R. Civ. P. 12, and files this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446.

As grounds for removal, JTM states the following:

1.      On December 1, 2009, an action was commenced in the Circuit Court of the State of Florida in and for the Second Judicial Circuit, of Leon County, Florida, entitled *Kevin Chamberlain, etc., et al., v. IntegraClick, Inc., et al.,* Case No. 09CA4695. JTM and IntegraClick, Inc., d/b/a Clickbooth ("Clickbooth") were named as defendants; however, JTM was not allegedly served with process (including a copy of the summons and complaint) in the state court action until October 12, 2010, when plaintiffs purport to have served JTM by serving process upon Clickbooth's counsel (not counsel herein) as JTM's purported agent. A true and correct copy of plaintiffs' Complaint (the "Complaint") filed in the state court action is attached hereto as Exhibit A, and a true and correct copy of the summons

2

purportedly served by plaintiffs upon counsel for Clickbooth allegedly on behalf of JTM on October 12, 2010 (along with the return of service) is attached hereto as Exhibit B.

2.   The Complaint contains, inter alia, causes of action and demands for fraud, conspiracy to commit fraud, unjust enrichment, and breach of contract. Plaintiffs allege that defendants JTM and Clickbooth billed plaintiffs, and other members of a purported nationwide class of consumers, excessive and unauthorized subscription fees for online services purchased by plaintiff and the members of the purported class.

3.   JTM's removal of this action to this Court is founded upon 28 U.S.C. §1332(d)(2) as well as §1441(a). The plaintiffs in the state court action are alleged to be citizens of Florida, Massachusetts, and South Dakota, and are alleged to be members of the class or classes upon whose behalf plaintiffs have filed the state court action. At least one defendant (JTM) is a citizen or subject of a foreign state (Alberta, Canada, where JTM is incorporated and located).   See 28 U.S.C. §1332(d)(2)(C). The number of plaintiffs in the purported class is alleged to be "thousands" (Complaint, ¶59) and is thus greater than 100.   See 28 U.S.C. §1332(d)(5)(B).  Also, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, as demonstrated by the following facts also set forth in the following declaration in accordance with *Pretka v. Kolter City*

*Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010):

    a. Plaintiffs allege that there is a nationwide class of "thousands" of persons who attempted to purchase online offerings and services from defendants. (Complaint, ¶59.)

    b. Plaintiffs allege that defendants advertised their online offerings and services to plaintiffs as having been supposedly affiliated with or otherwise associated with Google, insofar as the advertisements allegedly placed by defendants were purportedly worded to induce plaintiffs and the members of the purported nationwide class to believe that they would be working for or with Google in a work-at-home enterprise. (*Id.,* ¶¶13, 17, 19, 24, 25.)

    c. Plaintiffs allege that defendants acted together with respect to the advertising campaign and other courses of conduct alleged in the Complaint, and that the cooperation between defendants JTM and Clickbooth was essential to the success of the alleged campaign. (*Id.,* ¶ 37, 69, 72, 86, 88, 89.)

    d. As demonstrated in the attached declaration of Kevin Bazinet, JTM's director of marketing and advertising, the total amounts paid by consumers to defendants in connection with advertising campaigns that promoted work-at-home offers associated with Google and that

4

> are the subject of plaintiffs' complaint are in excess of the $5,000,000
> minimum jurisdictional requirement provided for by the Class Action
> Fairness Act, 28 U.S.C. §1332(d)(2).

4.     Pursuant to 28 U.S.C. §1446(a) and Local Rule 7.2, attached hereto as Exhibits A and B are true and correct copies of all other process, pleadings, orders, and other materials served or purportedly served upon JTM in the state court action. JTM is not aware of any other pleadings, papers, or other materials filed in the state court action, and no other papers have been served or purportedly served upon it in connection with the state court action.

5.     Removal to this Court is proper as the state court action was filed in the Circuit Court for the Second Judicial Circuit in Leon County, Florida, which is located in this district and division. The removal of this action by JTM is timely because JTM was the last served (or purportedly served) defendant and is filing this notice within 30 days of the purported service of the summons and complaint in the state court action upon it. See 28 U.S.C. §1446(b); *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202 (11th Cir. 2008).

6.     In accordance with 28 U.S.C. §1446(d), counsel for JTM certifies that JTM will file a copy of this Notice of Removal with the Circuit Court for the Second Judicial Circuit in Leon County, Florida in the state court action, and will give notice of same to counsel for plaintiffs and for defendant Clickbooth. No

5

previous application, petition, or notice has been made by JTM for this or similar

relief in this action.

Based on the foregoing, defendant 1021018 Alberta Ltd., d/b/a JustThink

Media respectfully gives notice of its removal of this action to this Court from the

Circuit Court for the Second Judicial Circuit in and for Leon County, Florida.

Dated: October 26, 2010                **KRONENBERGER BURGOYNE, LLP**

By: /s/ Karl S. Kronenberger
Karl S. Kronenberger
*Attorney in Charge (motion for admission pro hac vice pending)*
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com

Attorney for Defendant,
1021018 Alberta Ltd., d/b/a JustThink Media

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, defendant 1021018 Alberta Ltd., d/b/a JustThink Media, demands that this matter be tried to a jury of the maximum number permitted by law, on all issues so triable.

Dated: October 26, 2010    **KRONENBERGER BURGOYNE, LLP**

By: /s/ Karl S. Kronenberger
Karl S. Kronenberger
*Attorney in Charge (motion for admission pro hac vice pending)*
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com

Attorney for Defendant,
1021018 Alberta Ltd., d/b/a JustThink Media

7

## DECLARATION OF KEVIN BAZINET
## IN SUPPORT OF NOTICE OF REMOVAL

I, Kevin Bazinet, state and declare as follows:

1. I am over the age of eighteen years and am a resident of the province of Alberta, Canada. I am employed as the director of marketing and advertising of 1021018 Alberta Ltd., doing business as JustThink Media ("JTM"). In that capacity, I have access to records and information in the possession of JTM concerning the matters stated in this Declaration, and have personal knowledge thereof. If called to testify, I could and would competently testify thereto.

2. I make this Declaration in support of, and as a supplement to, JTM's notice of the removal of this action from the Circuit Court in and for the Second Judicial Circuit, Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division.

3. I understand that the Complaint filed in the state court action alleges that there was a conspiracy or other concerted effort by and between JTM and defendant IntegraClick, Inc., doing business as Clickbooth ("Clickbooth") to induce plaintiffs and a purported nationwide class of consumers to purchase a work-at-home kit through online advertisements by defendants, and that defendants allegedly induced plaintiffs and the purported class members to subscribe to defendants' services in that respect.

8

4. I have reviewed the records and information available to me in my position with JTM that pertain to these allegations and the work-at-home advertising campaigns that are the subject of plaintiffs' Complaint. The transactions realized as a result of those campaigns were processed through Clickbooth's advertising affiliate system. The information available to me from my review of the records and information in the possession of JTM, and my knowledge of the affiliate marketing industry due to my position at JTM, indicates that total amounts paid by consumers to defendants in connection with advertising campaigns that promoted work-at-home offers associated with Google and that are the subject of plaintiffs' complaint are greatly in excess of $5 million.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 26, 2010, at Sherwood Park, Alberta, Canada.

Kevin Bazinet

9

# Exhibit A

COPY - not verified against original

## IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA CIVIL DIVISION

KEVIN CHAMBERLAIN, an individual, NED
NEWCOMER, an individual, and JERALD
ADLER, an individual, on their own behalf and
on behalf of all others similarly situated,

Case No. __OCICA4695__

Plaintiffs,

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

v.

INTEGRACLICK, INC., a Delaware corporation,
d/b/a CLICKBOOTH, JUST THINK
MEDIA, a Canadian company, d/b/a FAREND
SERVICES LIMITED,

Defendants,
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Kevin Chamberlain, Ned Newcomer and Jerald Adler bring this Class Action

Complaint, seeking class certification and adjudication pursuant to Fla. R. Civ. P. 1.220, against

Defendants IntegraClick, Inc., a Delaware company d/b/a Clickbooth ("Clickbooth"), and Just

Think Media, a Canadian company d/b/a Farend Services Limited ("Just Think Media") based

upon Defendants' practice of deceptively billing Plaintiffs and similarly-situated others for

unauthorized charges. Plaintiffs, for their Class Action Complaint, allege as follows upon

personal knowledge as to themselves and their own acts and experiences and, as to all other

matters, upon information and belief, including investigation conducted by their own attorneys.

### Parties

1.    Plaintiff Kevin Chamberlain is a resident of Tallahassee, Florida.

2.    Plaintiff Ned Newcomer is a resident of Somerville, Massachusetts.

Complaint

3. Plaintiff Jerald Adler is a resident of Aberdeen, South Dakota.

4. Defendant Clickbooth is an ad network creating online advertisements and generating consumer traffic to websites selling products and goods. For the same purposes, Clickbooth also acts as an affiliate marketer in this online space. Clickbooth is headquartered in and has its principal place of business at 310 North Cattleman Road, Suite 300, Sarasota, Florida, 34232. It does business in the State of Florida and nationwide.

5. Defendant Just Think Media is a negative option subscription seller of work-at-home products (including but not limited to the "Online Cash Success Kit" and the "Quick Profit Kit") via online and email solicitations to consumers' home and work computers. Just Think Media operates from Canada with its headquarters and principal place of business at 11 Athabascan Avenue, Suite 240, Sherwood Park, Alberta, Canada, T8A6H2. It does business online throughout the State of Florida and the United States.

### Jurisdiction and Venue

6. The amount in controversy exceeds the sum of $15,000 exclusive of interest, costs and attorney's fees. This Court has jurisdiction over the subject matter.

7. Pursuant to Section 48.193(1)(a), Florida Statutes, Defendant Clickbooth is subject to personal jurisdiction in Florida because it operates, conducts, engages in, or carries on a business or business venture within this state or has an office or agency within this state.

8. Pursuant to Section 48.193(1)(a), Florida Statutes, Defendant Just Think Media is subject to personal jurisdiction in Florida because it operates, conducts, engages in, or carries on business or a business venture within this state.

9. Venue is proper in Leon County, Florida, because Plaintiff Kevin Chamberlain is a resident of Tallahassee, Florida and his injury complained of occurred here.

## Facts Common to All Counts

10.    Mired in the worst recession in decades, millions of Americans are struggling to make ends meet. Under these pressing circumstances, ordinary consumers are more than ever subjected to a proliferation of work-at-home offers that promise the ability to easily make a livable income from at-home businesses at a small upfront cost. Online, these offers derive from initial representations made through spam email offers, sponsored links, banner ads on internet search pages and as links in fake news articles and fake blogs. The purpose of each of these initial representations is to drive consumer traffic to credit card submit landing pages at which the purchase of a work-at-home product can be made. The Online Cash Success Kit and the Quick Profit Kit, among other Just Think Media trade names, purport to be such products.

11.    These sponsored links, banner ads, fake news articles, and similar methods of gaining a consumer's attention are operated by a group of affiliate marketers and ad networks. Clickbooth acts in this space as an ad network and affiliate marketer, and in each role, actively drives traffic to Just Think Media's promotional websites, such as Online Cash Success Kit, for Clickbooth's own monetary gain.

12.    Clickbooth contracts with Just Think Media to create and "optimize" marketing in the online order path. This effort, when successful, results in the sale of Just Think Media's product. As such, Clickbooth knows or should know exactly how the advertising by which these products are offered is framed and presented on these pages.

13.    Defendants' work-at-home offers state that consumers will work directly with and be well-paid by the giant web search engine Google. The potential to work for this enormously successful company supports the promise of good income asserted by the Defendants.

14. Defendants` offers begin as initial representations made through a common fraudulent scheme, constituting spam email offers, sponsored links, banner ads on internet search pages, and links in fake news articles and fake blogs. The purpose of each of these initial representations is to drive consumer traffic to credit-card-submit landing pages at which a purchase can be made.

15. As described within, Clickbooth manipulates the appearance of websites related to Just Think Media's products so as to drive ever-higher rates of purchase. Clickbooth is motivated to aid in the design and deception because it is only compensated when a consumer submits a credit card to Just Think Media. Therefore, Clickbooth's primary interest is in driving consumers to the transaction page and ensuring that a consumer actually purchases the product.

16. Clickbooth optimizes screenshots by, among other inducements, changing the design of ad pages in the order path, including the color, words used, placement of words, font size, placement of the Terms of Service, and the use of such "pressures" as "Hurry! This is a Limited Time Offer" and the use of running timers counting down the minutes left before an offer "expires." Such pressures are simply fabrications and are dynamically inserted into the website at specified screen locations to further drive sales.

17. As a primary inducement, consumers respond to the many initial representations and screenshots that state a relationship with Google itself. The use of Google's name in this manner, and specifically the prospect of working for one of the world's most successful companies, is the primary non-price inducement used to deceptively entice consumers to purchase the Just Think Media product.

18. Representations that drive consumers to these landing pages promise "$5500 a month job Working from Home Job: requires basic computer skills." Banner ads even promise

"scam free" offers that link to landing pages used by Just Think Media on which consumers are promised products at prices that are not. in fact, remotely close to the actual price charged.

19. As part of the deceptive and fraudulent nature of Defendants' marketing, Defendants' landing pages may be reached from embedded links in fake blog testimonials ("flogs") and fake news articles with stock photos and testimonials purportedly representing actual consumers from one's own city or state (A representative sample is attached as Exhibit A). These consumers relate stories of terrific success using Just Think Media's products, such as Online Cash Success Kit. Examples of these flogs and fake news articles used to sell Just Think Media's products are:

a. "San Diego Herald News" found at http://world-jobs-report.com, tells the story of Mary Steadman,[1] an "Account Rep laid off from a large Manufacturing company, [who] is thriving in the midst of an economic recession all the while working in the comfort of her own home" and claims to make $9,875 a month posting links on Google with the Online Cash Success Kit.

---

[1] "Mary Steadman," the most widely used fake person in fake news articles selling work-at-home products. is also featured or has been featured on the following fake news sites. and at least 90 more websites all across the internet:

www.FloridaJobHerald.com, www.Miami-Gazette.com, www.Miami 5 News.com, www.Miami City Post.com, www.Miami City Post Today.com, www.Miami Finance Post.com, www.Miami Gazette News.com, www.Miami Job Journal.com, www.Miami Sun Sentinel, www.Miami Tribune News.net, www.Orlando-Tribune.com, www.Orlando Gazette News.com, www.Orlando Inquirer.com, www.Orlando Web Times, www.The Miami GazetteNews.com, new-york-gazette.com, www.SanFrancisco-Tribune.com, www.SanFranCiscoCityHearld.com, www.Sandiego-Tribune-News.com, www.SanDiego-Tribune.com, www.SanJose-Herald.com, www.SanJose-Times.com, www.TheLosAngelesJournal.com, www.LosAngelesTribuneNews, www.LosAngelesNews7.com, www.LosAngelesFinanceNews.com, www.Los-Angeles-Weekly.com, www.LosAngelesDispatch.com, www.4KAWeekIn3Steps.com, www.Action7Journal.com, www.AmericaFinanceNews.com, www.AmericaJobJournal.com, www.AmericaNewsDaily.com, www.B12-Media.com, www.BargainBoomer.com, www.Best-Job-In.com, www.BirmingHamTribune.co.uk, www.Boston-BusinessNews.com. www.Boston-Tribune.com, www.BostonFinanceNews.com, www.BostonGazetteNews.com, www.OrlandoWebTimes, www.ReadSomeNews.com, www.Online-Job-News.com. www.NYGazetteNews.com. www.NewYorkPostHearld.com,www.NewYorkPostHearld.com.

b.     "News 3 Insider" reports "Breaking News: Google Now Hiring People To Work From Home." The fake news story goes further, stating, "Google has now officially released their new 'work from home' system out to the public. There will be thousand of spots available that are expected to go very soon in the next few days. The way this works is very simple, Google says. First you will need to apply for their work from home kits. Google has release [sic] a limited amount of kits. all distributed through local websites in your area, which will cost $2 of shipping and handling to the public." Finally, the fake story informs the reader that "Mary, a mother from San Jose, CA who worked with Google in the experimental parts of this program, is thriving" by making $5500 dollars a month.

c.     "Work From Home Review," at ubossjob.com, warns "If you Do Not READ This, You May Get Scammed By Bogus Work-at-Home Opportunities!!!" The site, falsely purporting to be a product review website. offers the Online Cash Success Kit as its "First Pick" and its top rated work-at-home program, stating "overall this website gets five starts."

d.     "Theresa Boyd.com," at which "Theresa Boyd" describes "[w]hen I lost my job last year I spent almost a year trying to find a real, legitimate way to work at home. Instead, I kept getting scammed over and over (I lost nearly $2,000). In March I finally found the only legitimate, scam-free way to work from home [Online Cash Success Kit]. I signed up and made $1541.62 my first week!"

e.     "Justin Harris" on "moneyemploy.com," a fake blog that states how Mr. Harris also "Quit My Day Job, and Started Making Over $5,000 a Month with Online Cash Success Kit." Upon information and belief. "Justin Harris" is the pseudonym of an affiliate marketer driving traffic to a Just Think Media site.

Complaint                                              6

20. The online order path leading to Defendants' transaction pages are littered with pictures of individuals that testify to the success they have enjoyed using Just Think Media's product. The individuals in Defendants' fake photos are not from the consumer's city or state; in fact, the specific locale represented is dynamically generated by instructions contained in the underlying source code for the screen page presented. That is, "Sara Stanley" from "Sacramento" is in fact simply a fictitious person whose city name is generated by source code that recognizes and responds to the (Sacramento) IP address of the consumer's computer.

21. The product offered by Just Think Media is promised at the minimal price of $2.95 or less, which is represented as covering all costs of the product. Importantly, in order to cover this small charge, Just Think Media requires that consumers give it a credit card number.

22. After Clickbooth drives a consumer to a Just Think Media landing page displaying a work-at-home offer, Defendants push a product, often a CD or access to a website, purportedly designed to enable consumers to "make real money every day working at home with Google" and promise that their product is "The Fast Cash Solution." Further, on these pages consumers are told that they can make "$199 or more a day" on Google, working from home. (A representative sample is attached as Exhibit B).

23. These landing pages typically contain language describing their offering "As seen on: ABC, NBC, MSN, and Yahoo." The website prominently features MSN, ABC, NBC, and Yahoo network logos without license from these media entities and are plainly designed to suggest to a consumer that the offering is supported by a reputable entity. Just Think Media products have never been "seen" or "featured" on any of these networks or websites.

24. The initial landing page seen by a consumer is bright and welcoming, and promises "You can make real money every day working at home with Google and setting your

Complaint                                                                                      7

own hours!," "No Experience Necessary" and "Decide when and where you want to work and how much money you want to make!" The initial page promotes an "Activation fee" of $2.95 and pressures the consumer by representing that this is a "Limited Time Offer" and requests the user "Fill out the form below to CHECK IF YOU QUALIFY!" Below this statement are Personally Identifiable Information ("PII") fields for a consumer's name, email address, and zip code.

25. Once a consumer enters this information, a screen appears that shows a "progress bar" and purports to be "Searching for work-at-home Google jobs in your area." Again, this screen displays the logos of NBC and ABC.

26. Following this "search," another PII page appears that informs the consumer "Congratulations! [Consumer's name]. Positions are currently available right now in [city associated with previously inputted zip code]. Fill out the form below to check if you qualify." No matter what zip code is entered, the consumer is always informed that positions are available in that area.[2] Likewise, when a consumer clicks to see if they "qualify," they are always informed "Congratulations! You Qualified!" Thus, a consumer actually does not have to "qualify" for anything, but is instead submitting to a lead generation process by which their PII (a "lead") is monetized by Just Think Media and the consumer unknowingly "consents" to the receipt of additional email offers from an untold number of merchants (*i.e.*, anyone to whom Just Think Media can sell this information).

---

[2] Defendants list three zip codes in which its offer is not available in Texas Minnesota, and Oklahoma (79754, 56583, 74457). These zip codes have extremely small individual populations of populations: 79754 (66 people), 56583 (222 people), and 74457 (199 people). (*See* city-data.com). On information and belief, these zip codes are chosen solely to support the implicit assertion that not everyone may qualify for this offer.

Complaint                                                                8

27.     The seminal page in the order path is the credit card submit page. Following submission of their PII, a consumer is directed to this final transaction page.

28.     Materially, the only price representation clearly and conspicuously displayed on the credit card submit page, or in proximity to the credit card submit box, is a line that states "**Total: $1.00**" or "**Total: $2.95**" based upon which landing page a consumer is driven to. (A representative sample of transaction pages is attached as Exhibit C).

29.     Calls to action on the credit card page include, "Congratulations! You and the next 196 CUSTOMERS have been chosen to get an introductory discount price of $2.95," "Offer Valid Today!," and "We're holding a package JUST FOR YOU. Please complete this within 3:59 Minutes" are found on these pages. These phrases are part of a static background image that are saved and displayed every time the page loads on a consumer's browser. That is, there are always 196 "chosen" customers receiving the discounted price.

30.     The credit card submit field is likewise surrounded by colorful graphics including stacks of cash, "Financial Freedom" emblazed on a gold seal, and "Our #1 Cash Generating Kit" written across a large blue ribbon.

31.     Though the actual price of a product is always material, Defendants hide the real price of the product in small print at the bottom of the transaction page or simply do not disclose it at all on the checkout page.

32.     Ultimately, a consumer reasonably understands that ordering the Online Cash Success Kit product is an action that will cause them to incur a $1.00 or $2.95 charge on their credit card. In fact, this price is simply bait for a credit card number that can then be used to impose additional charges on the consumer.

Complaint                                                                                        9

33. Importantly, by simply submitting credit card information to Just Think Media in payment of the discounted fee of $1.00 or $2.95, a consumer unwittingly "agrees" to a monthly recurring charge of $79.86.

34. Materially, and wholly absent any clear and conspicuous or prior disclosure, a consumer's submission of his credit card number also obligates a consumer to a second, ongoing negative option subscription for a product identified as "Identity Vault" for $24.82 a month. Small print informs a customer "You'll also receive Identity Vault. Identity Vault will help you protect yourself from the all too common danger of Identity Theft." This description appears within centimeters of the representation "Total: $2.95." The actual charge for Identity Vault is not clearly and conspicuously disclosed. Nevertheless, the sum of $24.82 is also billed to a consumer's credit card within 7 days of submitting an order for the $2.95 access to Online Cash Success Kit, and every month thereafter.

35. Thus, a consumer reasonably expecting to pay $1.00 or $2.95 for the Online Cash Success Kit product will be charged that sum plus: 1) $79.86 a month until that consumer somehow discovers and cancels that subscription, and 2) $24.82 a month under the same undisclosed circumstances for as long as the consumer fails to notice this charge and object to it.

36. Only the charge of $1.00 or $2.95 is clearly and conspicuously disclosed.

37. Just Think Media works with Clickbooth to promote and sell its products. Correspondingly, Clickbooth optimizes and continually oversees the creation of the deceptive advertisements concealing material terms and conditions, described herein, and both receive significant revenue from the sale of each deceptively and fraudulently advertised Just Think Media product.

**Complaint**          10

38. Clickbooth and Just Think Media know or should know that these ads and offers violate well established laws requiring, among other seminal concerns. that all material purchase terms be clearly and conspicuously disclosed to consumers.

39. Although Defendant uses a number of specific paths and representations for their deception, each order path has a core, common underpinning, namely that a consumer will only be charged a small amount for a work at home product sold by, or directly associated with, Google.

## Facts Relating to Plaintiff Kevin Chamberlain

40. During the relevant period, Plaintiff Kevin Chamberlain saw a sponsored ad on Aol.com advertising a work-at-home opportunity with Google. Plaintiff clicked on a sponsored link that took her to what appeared to be a news article describing the life-changing experience of a woman that utilized the Online Cash Success Kit system. Plaintiff understandably did not know that this page was a complete fabrication and designed solely to act as a deceptive advertisement. This "article" contained a link to the PII landing page described above and from which Plaintiff reasonably understood that she could receive the Online Cash Success Kit product for $2.95.

41. Plaintiff did not know that Google itself had nothing to do with this product, nor did Plaintiff reasonably understand that, by agreeing to pay Defendants $2.95, she also consented to be charged for unrevealed products or services at an undisclosed price for an ongoing period.

42. Plaintiff did not authorize Defendants to bill her debit card for these additional charges. When Plaintiff discovered that she was billed a charge of $79.86 (1 day after incurring the initial $2.95 charge), Plaintiff attempted to call Just Think Media to cancel this charge.

43. Plaintiff Chamberlain called repeatedly and finally spoke to a customer representative who refused to give Plaintiff his last name and refused to allow her to speak to his supervisor. The customer representative also gave Plaintiff a New York City address as the location for Online Cash Success Kit. On information and belief, this address is not real or not the actual location of Just Think Media or any subsidiary.

44. Plaintiff told the Online Cash Success Kit representative that she would not have agreed to pay $79.86 for this product if she would have clearly understood that this was the actual price for the product offered. Plaintiff requested a refund.

45. Plaintiff was *not* given a refund from Just Think Media or any other Defendant.

### Facts Relating to Plaintiff Ned Newcomer

46. During the relevant period, Plaintiff Ned Newcomer undertook a Google search for how to make money by working at home. On the Google search results page, Plaintiff clicked on a sponsored link that took him to what appeared to be a news article describing the life-changing experience of a woman that utilized the Online Cash Success Kit system. Plaintiff reasonably did not know that this page was a complete fabrication and designed solely to act as a deceptive advertisement. This "article" contained a link to the PII landing page described above and from which Plaintiff reasonably understood that he could receive the Online Cash Success Kit product for $2.95.

47. Plaintiff did not know that Google itself has nothing to do with this product nor did Plaintiff reasonably understand that, by agreeing to pay Defendants $2.95, he also consented to be charged for unrevealed products or services at an undisclosed price for an ongoing period.

48.     Plaintiff did not authorize Defendants to bill his debit card for these additional charges. When Plaintiff discovered that he was billed a charge of $79.86 (1 day after incurring the initial $2.95 charge). Plaintiff attempted to call Just Think Media to cancel this charge.

49.     Plaintiff called repeatedly and was placed into voicemail many times without ever receiving a return call from Just Think Media. Persistently, however, Plaintiff kept trying to reach Just Think Media to request a refund. Plaintiff finally did speak with a representative that gave him a reference number for a refund of the $79.86.

50.     Plaintiff told the Online Cash Success Kit representative that he would not have agreed to pay $79.86 for this product if he would have clearly understood that this was the actual price for the product offered.

51.     Plaintiff was *not* given a refund from Just Think Media or any other Defendant.

## Facts Relating to Plaintiff Jerald Adler

52.     During the relevant time period, Plaintiff Jerald Adler found a link to a work-at-home job offer from Google in a fake "Aberdeen American" news article "reporting" on a man who had been laid off from his job and now made $7,000 a month using the Online Cash Success Kit. Plaintiff clicked on this link and was sent to a website with a work-at-home offer from Online Cash Success Kit. This site contained a link to the PII landing page described above and from which Plaintiff reasonably understood that he could receive a CD from Just Think Media for $2.95.

53.     Plaintiff did not know that Google itself had nothing to do with this product nor did Plaintiff reasonably understand that, by agreeing to pay Defendants $2.95, he also "consented" to be billed for unrevealed products or services at an undisclosed price for an ongoing period.

Complaint                                                                13

54.     Plaintiff did not authorize Defendants to bill his debit card for these additional charges.

55.     Plaintiff also repeatedly called Just Think Media to request a refund. Plaintiff finally reached a representative who told him that, because he did not call to cancel within 1 day, he would not receive a refund. Plaintiff told the Just Think Media representative that he would not have ordered the Online Cash Success Kit product if he would have clearly understood that $79.86 was the actual price of the product.

56.     Plaintiff was *not* given a refund by Just Think Media or any other Defendant.

## Amount in Controversy

57.     Plaintiffs make no specific allegation that the amount in controversy (including requests for attorneys' fees, injunctive relief, etc.) exceeds any specific amount besides $15,000. Specifically, Plaintiff makes no allegations that the amount in controversy exceeds $5,000,000.

## Class Allegations

58.     Plaintiffs bring this action on behalf of themselves and a nationwide Class and a Subclass of similarly situated individuals:

**Just Think Media Class:** Plaintiffs bring this action on behalf of themselves and a Class of similarly situated individuals, defined as follows:

all persons or entities who submitted credit card information to Just Think Media for the purpose of obtaining Just Think Media's products or services, and who were charged any amount other than a stated shipping and handling or discounted fee.

**Clickbooth Subclass:** Plaintiffs bring this action on behalf of themselves and a Subclass of similarly situated individuals, defined as follows:

all persons or entities who submitted credit card information to Just Think Media for the purpose of obtaining Just Think Media's products or services, and who were charged any amount other than a stated shipping and handling or discounted fee, that were

traceably driven to Just Think Media's website(s) by Clickbooth, or affiliate marketers contracting directly with Clickbooth.

Throughout this Class Action Complaint, the Clickbooth Subclass will be referred to as the "Subclass." Throughout this Class Action Complaint, the Class and Subclass will collectively be referred to as the "Classes."

The following people are excluded from the Class and Subclass: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants. Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons.

59.    **Numerosity:** The exact number of the members of the Class and Subclass is unknown and not available to Plaintiffs, but it is clear that individual joinder is impracticable. On information and belief, Defendants have deceived and defrauded thousands of consumers who fall into the definition set forth in the Class and Subclass. Class members can be identified through Defendants' records.

60.    **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Class and Subclass, as Plaintiffs and other members sustained damages arising out of the wrongful conduct of Defendants, based upon the same transactions which were made uniformly to Plaintiffs and the public.

61.    **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclass, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Class and Subclass, and Defendants have no defenses unique to Plaintiffs.

62.     **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class and Subclass will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants. It would be virtually impossible for the individual members of the Class and Subclass to obtain effective relief from the misconduct of Defendants. Even if members of the Class and Subclass themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

63.     **Commonality:** There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to the following:

> (a)     Whether the Defendants' conduct described herein constitutes fraud in the inducement;
>
> (b)     Whether the Defendants' conduct described herein constitutes a civil conspiracy to commit fraud in inducement;
>
> (c)     Whether the Clickbooth's conduct described herein results in unjust

enrichment to Defendants; and

(d)    Whether Just Think Media's conduct described herein constitutes a breach

of contract.

## COUNT I
### Fraud in the Inducement
### (On Behalf of Plaintiffs and the Classes)

64.    Plaintiffs incorporate by reference the foregoing allegations.

65.    As described with particularity in paragraphs 10 though 56, Defendants have disseminated, and continue to disseminate advertising that they know or should reasonably know is false and misleading. This conduct includes, but it is not limited to, promoting and advertising "work-at-home" products without disclosing the actual price, a material term of any transaction. Defendants actively misrepresent and conceal the actual price(s) consumers are charged when they submit their credit card information.

66.    Through a series of advertisements, representations and false statements regarding the efficacy, association, and price of work-at-home products, Defendants acted in concert to misrepresent the actual price a consumer would be charged.

67.    Defendant Just Think Media, in conjunction with Clickbooth and other ad networks, took concrete and intentional steps to conceal the actual price ultimately placed on the credit cards of Class members. Defendant intentionally made all representations of the actual price difficult to locate and/or read, by hiding these representations on a separate page, or displaying these representations far from the payment fields in a miniscule font and in an indistinct color.

68.    Defendant Clickbooth took concrete and intentional steps to conceal the actual price ultimately placed on the credit cards of Subclass members. Defendant intentionally made all representations of the actual price difficult to locate and/or read, by hiding these

representations on a separate page, or displaying these representations far from the payment fields in a miniscule font and in an indistinct color.

69. Clickbooth and Just Think Media actively take part in optimizing the work-at-home transaction pages so as to increase the rate of conversions (sales) and have full knowledge and visibility of the website content and each transaction, including knowledge of the concealed prices. For example, Clickbooth pays affiliate marketers and publishers an amount far exceeding the *de minimis* price advertised to consumers for driving traffic (*e.g.,* Clickbooth will offer an affiliate who drives traffic to a transaction page "$32.00 / Sale," while on the same page stating, **"Cost to Consumer:** $2.95," giving implicit acknowledgement that a consumer will be charged a sum beyond $2.95).

70. Defendants intentionally misrepresented the association their work-at-home products have with Google and media outlets by making representations that the products stem from Google and have been endorsed by television networks.

71. In furtherance of their fraudulent conduct, Defendants advertised and promoted their work-at-home products by using the word "free" and other variations of "free" where the actual charges, and/or any conditions placed on the offer were not clearly and conspicuously disclosed to the consumer at the time the offer was made. (A representative sample is attached as Exhibit D).

72. For example, Defendants advertised their products, such as Online Cash Success Kit and Quick Profit Kit, by posting the following paid link on the Yahoo search engine:

Online Cash Success KitôÆ Official Site
Earn Up To $379 Per Day From Home with Google. Get A Free Kit.
www.OnlineCashSuccessKit.com

Online Cash Success KitÆô Official
Start Earning Up To $779 Per Day From Home Today! Get Your Free Kit.

www-OnlineCashSuccessKit.com

73. Defendants additionally promoted their products through a network of publishers operating fake news articles and fake blogs. These promotions and marketing materials featured usage of the term free to describe Defendants' product, including:

Online Cash Success Kit is a free course that can teach anyone, regardless of computer skill level to start making money online with Google. It's available for free at Online Cash Success Kit.[3]

Online Cash Success Kit is designed to instruct individuals with minimal computer skills how to make money online. It's available for free at this website.[4]

74. By committing the acts alleged in this Complaint, Defendants have knowingly disseminated untrue and/or misleading statements through fraudulent advertising in order to sell or induce members of the public to purchase work-at-home products.

75. The price of a consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding, whether to purchase a product. Any deception or fraud related to the price of a consumer product is materially misleading.

76. The misrepresentation of the price of a product is likely to mislead a reasonable consumer who is acting reasonably under the circumstances.

77. Defendants knew or should have known of the falsity of the representations made regarding the work-at-home products they marketed.

78. Defendants intended that the deceptive and fraudulent representations would induce a consumer to rely and act based on those false representations.

79. Plaintiffs and members of the Class and Subclass were all charged monies beyond what they authorized. Accordingly, Plaintiffs and members of the Class and Subclass have

---

[3] http://www.thedailyvoice.net/

[4] http://www.worldwidenewspost.net/

suffered injury in fact and lost money in justifiable reliance on Defendants' misrepresentations of material fact.

80. In deceiving Plaintiffs and the Class by creating and supporting advertising that fails to clearly and conspicuously disclose the actual price of its products, and inducing Plaintiffs and the Classes to proffer payment information based on that misrepresentation, Just Think Media has engaged in fraudulent practices designed to mislead and deceive consumers.

81. Plaintiffs and the Classes have suffered harm as a proximate result of the violations of law and wrongful conduct of Just Think Media.

82. In deceiving Plaintiffs and the Subclass by creating and supporting advertising that fails to clearly and conspicuously disclose the actual price of its products, and inducing Plaintiffs and the Subclass to proffer payment information based on that misrepresentation, Clickbooth has engaged in fraudulent practices designed to mislead and deceive consumers.

83. Plaintiffs and the Subclass have suffered harm as a proximate result of the violations of law and wrongful conduct of Clickbooth.

84. Plaintiffs, on their own behalf, and on behalf of the Class and Subclass, seek damages for Defendants' unlawful conduct.

## COUNT II
### Conspiracy to Commit Fraud in the Inducement
### (On Behalf of Plaintiffs and the Classes)

85. Plaintiffs incorporate by reference the foregoing allegations.

86. Defendants acted in concert as business partners to drive sales of work-at-home products, and cram consumers credit card bills with unauthorized charges through fraudulent and deceptive marketing, as stated in Count I of this Complaint.

87. As a fundamental part of their business relationship, Defendants acted to deceive consumers regarding the actual price of the work-at-home products, thereby inducing consumers to submit their credit card information, on which Defendant Just Think Media crammed unauthorized charges.

88. Defendants took overt acts in furtherance of their conspiracy across the nation, and specifically took overt acts in furtherance within Leon County. As described with particularity above, Defendants formed contracts with each other, created deceptive marketing, advertisements, websites, and other solicitation materials to drive consumers to the work-at-home transaction page with knowledge that the marketing contained therein was false and misleading, and with the intent that the marketing taken as a whole would be relied on by consumers. Defendants further partnered with affiliate markers and publishers to increase the effectiveness of their deceptive and fraudulent marketing. Defendants, working together, and working with non-defendant affiliate marketers and publishers, formed a mutually beneficial network of deceptive and misleading marketing designed to induce consumers to submit a credit card number for the purchase of a work-at-home product.

89. Any single Defendant, acting alone, would be unable to accomplish the level of deception and misrepresentations accomplished by Defendants acting together. The combination of their joint deception reinforces the appearance of legitimacy presented to consumers, thereby increasing the likelihood a consumer submitting their credit card number.

90. Plaintiffs and the Classes have suffered harm in the form of monetary damages as a proximate result of the conspiracy and violations of law carried out by Defendants.

91. Plaintiffs, on their own behalf, and on behalf of the Classes, seek damages for Defendants' unlawful conduct.

## COUNT III
### Restitution/Unjust Enrichment
### (On Behalf of the Plaintiffs and the Subclass)

92. Plaintiffs incorporate by reference the foregoing allegations.

93. Plaintiffs and the Subclass conferred a monetary benefit on Defendant Clickbooth. Defendant has received and retained money belonging to Plaintiffs and the Subclass resulting from substantial and unauthorized charges placed on their credit card bills by Just Think Media. Defendant Clickbooth profits from each individual purchase made by a consumer after being directed to a Just Think Media website.

94. Defendant appreciates or has knowledge of such benefit.

95. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiffs and the Subclass, which Defendant has unjustly received as a result of their unlawful actions.

96. Plaintiffs and other members of the Subclass suffered damages as a direct result of Defendant's conduct.

97. Plaintiffs, on their own behalf, and on behalf of the Subclass, seek restitution for Defendant's unlawful conduct.

## COUNT IV
### Breach of Contract
### (On Behalf of Plaintiffs and the Class)

98. Plaintiffs incorporate by reference the foregoing allegations.

99. In reliance upon Defendants' misrepresentations and deceptive advertising, Plaintiff entered into a contract to receive a product from Just Think Media at a genuinely discounted price, or for the cost of shipping and handling only. Because of these deceptive misrepresentations, Plaintiffs and the Class entered their credit card information with the

understanding that they would only be charged a genuinely discounted price or the cost of shipping and handling in exchange for a product from Just Think Media.

100. By cramming additional undisclosed charges on the credit/debit cards of Plaintiffs and the members of the Class, Just Think Media breached the contract for the purchase of a product at the clearly disclosed price described. Plaintiffs and the members of the Class did not assent to any additional charges and did not reasonably expect that the contract for purchase and sale would include such additional charges.

101. At all times relevant to this action, Just Think Media acted willfully and with the intent to breach the contracts they entered into with Plaintiffs and the Class.

102. Plaintiffs and the Class have suffered damages as a direct result of Just Think Media's acts and practices in the form of monies paid and lost.

103. Plaintiffs, on their own behalf, and on behalf of the Class, seek damages for Just Think Media's breach of contract.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

**WHEREFORE,** Plaintiffs Kevin Chamberlain, Ned Newcomer and Jerald Adler, on behalf of themselves and members of the Class and Subclass, pray for the following relief:

a. Certify this case as a class action on behalf of the Class and Subclass as defined above and appoint Kevin Chamberlain, Ned Newcomer, and Jerald Adler as class representatives, and undersigned counsel as lead counsel of this class action;

b. Enter judgment against Defendants IntegraClick, Inc. and Just Think Media for all monetary, actual, consequential, and compensatory damages caused by their unlawful conduct;

c. Award Plaintiffs and the Class and Subclass reasonable costs and attorneys' fees;

d. Award Plaintiffs and the Class and Subclass pre- and post-judgment interest;

Complaint                                              23

e. Enter judgment for injunctive, statutory and/or declaratory relief as is necessary to

protect the interests of Plaintiffs and the Class and Subclass; and.

f. Award such other and further relief as equity and justice may require.

David P. Healy (940410)

Will Haselden (Fla. Bar No. 0072011)
Christopher L. Dore (*pro hac vice* motion to be filed)
KAMBEREDELSON, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
whaselden@kamberedelson.com
cdore@kamberedelson.com

David P. Healy (940410)
2846-B Remington Green Cir.
Tallahassee, FL 32308
(850) 222-5400 (850) 222-7339 (fax)
dhealy@davidhealylaw.com

# EXHIBIT A

Jobs: The Economy

# San Diego HERALD NEWS

Online Cash Success Kit

## Jobs: Is Working Online At Home The Next Gold Rush?

AS SEEN ON: 



Many news reporters arcound making at much as $10,000 as long online from home are they conclude

Are online jobs the next big thing? For Mary Steedman it sure is. Mary, an Account Rep laid off from a large Manufacturing company, is thriving in the midst of an economic recession all the while working in the comfort of her own home.

*From her website:* "I make about $21 for every link I post on the Internet, sometimes $25,gn. I get paid every week, and my current income is around $9,875 a month."

Mary's story is one we hear all too often these days. Working as an account rep for a large manufacturing company she was laid off from her job. A few days later her husband was also laid off from his company as well as part of the continuing cutbacks in this terrible economy.

"We knew we had to do something and do something fast. Our house payments weren't going to pay themselves. We put our heads together and started trying different online job opportunities. My and her husband David wound up getting sucked into a couple get rich quick business opportunities that turned out to be nothing more than scams before they found something that really worked.

"I realized the best thing to do is instead of hoping that a company that you are looking at is going fast, why not go with a big, reputable company. After looking at several different companies I picked the safest bet... Google."

Online giant Google is a publicly traded company and is currently worth $192.5 Billion (Yes thats Billions with a B). The company has pioneered online search and has changed the way we use the internet.

It a matter of weeks Mary and David had a steady stream of income coming in via checks that were delivered right to their home. They happened upon a system called "Online Cash Success Kit." This showed them how to make money posting online links.

*Online Cash Success Kit* is an online course that uses many of the recommendation of this website on making money online.

"We were doing ok but then they we discovered the real trick to making money. We combined the Google Kit with two other online courses called "Google Home Income" and "Google Click Money." Thats where we really learned the extra tricks that the pros know. After combining the three courses things really took off for us. Instead of making a couple of hundred bucks here and there, our incomes skyrocketed."

Mary even shared with us a picture of the kind of checks she now gets every month:



For those of you that have seen the 'scammy' sites on the titernet that promise you can make millions of dollars online. Mary warns that this is not the premise here made here and that most of those sites are



Mary Steadman lost her "boring" job as an account rep for a manufacturing company a few months ago. She now makes $9,000+ a month working from home on the Internet. Read her story to learn how she did it and how you can do the same.

**Step 1:**
Fill out form of **Online Cash Success Kit**

**Step 2:**
Get Google Home Income (This is key, Must do this!)

**Step 3:**
SIGN UP STEP: **Google Click Money** (Only for those who need significant income)

**Step 4:**
Pod the links given to you, and then just deposit the checks mailed to you!

TAGS

Make Money Online
recession   Make Money On Google
Online Marketing   **Extra Money**
Amazon   Apple   Part Time Jobs
Scams   work at home   **Bailout**
recession job   easy online jobs   **How To Pay Off Debt**   How to Get A Job   Yahoo   Search Jobs   Monster   Jobs



Step 1   Enroll   ELIGIBLE Free
Step 2   Get PAID!   Full Time   check here

ADVERTISEMENT

How To Start The Business Work At Home

Read More

Make $5000 A Month Posting Links Online

Read More

Work At Home ??? Here

Read More

I'm Rich You're Not...

Read More

Make $571 A Day Posting Links Online

Read More

WEATHER

San Diego, CA
Saturday, Oct 23, 2010

Sunny   63°F



WHAT RECESSION?

Work at home

y a thise of you that have seen the 'scammy' sites on the internet that promise you can make millions of dollars online. Mary warns that this is not the practice ou it. made here and that most of these sites ... false representations of earnings you can make."

"We never tell anyone they'll make millions of dollars, in fact I think this is the ONLY online system that says you probably WON'T get rich overnight, but you can generate a legitimate income from home like I used to ... your any full time job."

Getting started is ... super ... following these simple steps below. All you need to do to get started:

**Step 1:** Fill out the form for **Online Cash Success Kit**, only pay $1.97 for shipping.

**Step 2:** Next, get **Google Home Income**. This is the second part of Mary's system. Again pay only $1.97 for shipping.

**Step 3:** Finally, get **Google Click Money.** You want all three.

**Step 4:** Now all you have to do is post these links and deposit the checks Google sends you!

Related Links.

Online Cash Success Kit ...

**Google Home Income** ...

**Google Click Money** ...

## Read Responses for

**Diane says:** ...

**Marco says:** ...

**Mikey says:** ...

**Stephen says:** ...

**Mary says:** ...

**David says:** ...

**Mom says:** ...

**Darno says:** ...

[illegible]

Google

[illegible]

**Thomas says:**

[illegible]

**Wanda says:**

[illegible]

**Sheila says:**

[illegible]

**Michael says:**

[illegible]

**Jodi says:**

[illegible]

**Jonathan says:**

[illegible]

**Neil says:**

[illegible]

**Peter says:**

[illegible]

**Rob says:**

[illegible]

**Sean says:**

[illegible]

**Martin says:**

[illegible]

**Aubrey says:**

[illegible]

**Jenny says:**

[illegible]

**Jenny says:**

**Mark says:**

**Jordan says:**

**Jose says:**

**Martha says:**

**Barb says:**

**Dustin says:**

**Dan says:**

**Landen says:**

**Heidi says:**

**Brittany says:**

**Justine says:**

**LEAVE A REPLY**

Comments (7) and Discus Spam checks axis

*Google Home Income Terms and Conditions: By purchasing this product, you agree to [illegible] All products are shipped via USPS.

*Online Cash Success [illegible] Terms and Conditions: In consideration for the Online Products you receive from QuickOnlineCashProTM, you agree to pay the Fees [illegible]

Offer Details: Choosing the "Submit" button [illegible]

THE STORY DEPICTED ON THIS SITE AND THE PERSON DEPICTED IN THE STORY ARE NOT REAL. RATHER, THIS STORY IS BASED ON THE RESULTS THAT SOME PEOPLE WHO HAVE USED THESE PRODUCTS HAVE ACHIEVED. THE RESULTS PORTRAYED IN THE STORY AND IN THE COMMENTS ARE ILLUSTRATIVE, AND MAY NOT BE THE RESULTS THAT YOU ACHIEVE WITH THESE PRODUCTS. THIS PAGE RECEIVES COMPENSATION FOR CLICKS ON OR PURCHASE OF PRODUCTS FEATURED ON THIS SITE.

# EXHIBIT B









Working from home, as featured on:

**The Online Cash Success Kit Advantage**

| FEATURES | Paid Surveys | Contest Sites | Multi-Level Marketing | Online Cash Success Kit |
|---|---|---|---|---|
| Work At Home | ✔ | ✔ | ✔ | ✔ |
| No Gimmicks | ✔ | | | ✔ |
| Fast Return on Investment | | ✔ | | ✔ |
| Growth Potential | | | ✔ | ✔ |
| Easy to Use | | | | ✔ |
| Instant Access | ✔ | ✔ | ✔ | ✔ |







# EXHIBIT C





# EXHIBIT D



Web · · · · Video · Local · Shopping · More
"online cash success kit"

Search

**Online Cash Success Kit©™**
Make Real Money Working From Home With Google.Limited Time Offer.
www.OnlineCashSuccessKit.com

**Online Cash Success Kit©™ Official**
Start Earning Up To $779 Per Day From Home Today! Get Your Free Kit
www-OnlineCashSuccessKit.com

**Online Cash Success Kit**
Learn How People Just like You Earn thousands a Month Posting Online
News.CityofDallas.com

**Online Job Scams**
Read the and discover the real story behind Online Cash Success.
YouBossJobs.com/OnlineCashSuccess

OnlineCashSuccessKit
Google is revolutionizing online advertising and making gobs of money in the ... Online
Cash Success Kit is not associated with CNN, ABC, or NBC. ...
www.onlinecashsuccesskit.com/index.php

OnlineCashSuccessKit
The Online Cash Success Kit provides you with information that can help you make
... little while for you to start making big money with the Online Cash Success Kit. ...
www.onlinecashsuccesskit.com/faq.php

online cash success kit Complaints - online cash success kit
online cash success kit Complaints online cash success kit Online Scams ... online
cash success kit unauthorized charge on credit card . .
complaintsboard.com/...online cash success kit c270522.html

**online cash success kit Complaints - Scammed me out 79.00**
online cash success kit Complaints Scammed me out 79.00. Business & Finances
.. online cash success kit Credit card charged for a product not received.
Comments ...
complaintsboard.com/...online cash success kit c274973.html

Online Success Kit | Online Success Kits
Wondering how you can have Online Success Kit Lately Online Success Kit has ... create
your own business at home with the power of the Online Cash Success Kit ...
onlinesuccesskit.net

**Online Cash Success Kit** Scam at: The Daily Voice Charges ...
**Online Cash Success Kit** Scam at The Daily Voice Charges $78.96 Per Month · Sachin
Ad Shows Some Woman Named Johnson I was just on Today Marina com reading about
paularealmoney.com/online-cash-success-kit-scam-at-the-d...

Work From Home — Legit
Create Your Own Business At
Home With Online Cash Success
Kit.
www.legithomejob.com

Online Success Cash Kit
Gain Access To the Top Work At
Home Jobs. Get Your Free Trial
Now.
UBossJob.com
OnlineCashSuccess

Work At Home — Legit
Discover How To Build A
Sustainable Income w/ Online Cash
Success Kit
EndOfBoss.com.
OnlineCashSuccess

No to Online Jobs
Find out how you would waste your
time & money on Home Job
Placement
BossUnfriendly.com
home.ofPower.un

Online Cash Pump
Working Part Time From Your Own
Home Computer. Make $200K This
Year.
www.OnlineCashPump.com

Work From Home
Own your own business. Feel the
pride of success. Get started now.
WorkFromHome.com

See your message here

Exhibit B

**IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR LEON COUNTY, FLORIDA**
**CIVIL DIVISION**

KEVIN CHAMBERLAIN, an individual,
NED NEWCOMER, an individual and
JARED ADLER, an individual, on their
own behalf and on behalf of all others
similarly situated,

      Plaintiffs,

vs.

                              **Case No.  2009 CA 4695**

INTEGRACLICK, INC., a Delaware
corporation d/b/a CLICKBOOTH,
JUST THINK MEDIA, a Canadian
company d/b/a FAREND SERVICES
LIMITED,

      Defendants.

_____/

## Notice of Filing Return of Service

**PLEASE TAKE NOTICE** that Plaintiff presented for filing the attached

return of service on Defendant Just Think Media, a Canadian company doing

business as Farend Services Limited, indicating a date of service of October 11, 2010.

David P.  Healy (940410)
2846-B Remington Green Cr.
Tallahassee, Florida 32308
(850) 222-5400
(850) 222-7339 (fax)
dhealy@davidhealylaw.com
Counsel to Plaintiff

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent

via First Class United States Mail, postage prepaid, to the following persons on

October 21, 2010:

Lawrence Rochefort
Akerman Senterfitt
222 Lakeview Ave., Suite 400
West Palm Beach, Florida 33401

J. Martin Hayes
Akerman Senterfitt
106 East College Ave.
12th Floor
Tallahassee, FL 32301



# AFFIDAVIT OF SERVICE

**State of Florida** ,                                        **County of**                                                          **Circuit Court**

Case Number: 09CA4695

Plaintiff:
**KEVIN CHAMBERLAIN, AN INDIVIDUAL, NED NEWCOMER, AN
INDIVIDUAL AND JARED ADLER, AN INDIVIDUAL, ON THEIR OWN
BEHALF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

vs.

Defendant:
**INTEGRACLICK, INC., A DELAWARE CORPORATION D/B/A
CLICKBOOTH, JUST THINK MEDIA, A CANADIAN COMPANY D/B/A
FAREND SERVICES LIMITED**

For:
David P. Healy, P.A.
2846-B Remington Green Circle
Tallahassee, FL 32308

Received by KD PROCESS on the 11th day of October, 2010 at 12:46 pm to be served on **J. MARTIN HAYES
AKERMAN SENTERFITT, 106 E COLLEGE AVE, STE 1200, TALLAHASSEE, FL 32301.**

I, JOHN DANIEL ROSS, III, being duly sworn, depose and say that on the **12th day of October, 2010 at 12:55 pm,**
I:

Served the within named corporation by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date
and hour of service endorsed thereon by me to LISA MALWITZ as RECPT authorized to accept service, of the
within named corporation, in compliance with State Statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served.
"Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S.
92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

Subscribed and Sworn to before me on the 18th day
of October, 2010 by the affiant who is personally
known to me.

NOTARY PUBLIC

**JOHN DANIEL ROSS, III**
Process Server 195

**KD PROCESS**
**1433 Goodwood Court**
**Tallahassee, FL 32308**
**(850) 545-3462**

Our Job Serial Number: 2010028250

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3r

# IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
## IN AND FOR LEON COUNTY, FLORIDA
### CIVIL DIVISION

**KEVIN CHAMBERLAIN, an individual,**
**NED NEWCOMER, an individual and**
**JARED ADLER, an individual, on their**
**own behalf and on behalf of all others**
**similarly situated,**

      **Plaintiffs,**

**vs.**                                         Case No. _O9CA4625_

**INTEGRACLICK, INC., a Delaware**
**corporation d/b/a CLICKBOOTH,**
**JUST THINK MEDIA, a Canadian**
**company d/b/a FAREND SERVICES**
**LIMITED,**

      **Defendants.**

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint

or petition in this action on defendant -

      Just Think Media, a Canadian company
      11 Athabascan Avenue, Suite 240
      Sherwood Park, Alberta, Canada, T8A6H2.

Each defendant is required to serve written defenses to the complaint or petition on David P. Healy, Esq., whose address is 2846-B Remington Green Circle, Tallahassee, Florida 32308, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.   If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on  **DEC 0 2 2009**   , 2009.



Bob Inzer
As Clerk of the Court

By _____
As Deputy Clerk

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF FLORIDA**

**TALLAHASSEE DIVISION**

KEVIN CHAMBERLAIN, an individual,     Case No.   4:10cv477-spm/wcs
NED NEWCOMER, an individual, and
JERALD ADLER, an individual, on their
own behalf and on behalf of all others
similarly situated,

        Plaintiffs,

vs.

INTEGRACLICK, INC., a Delaware
corporation, d/b/a Clickbooth, JUST
THINK MEDIA, a Canadian company,
d/b/a FAREND SERVICES LIMITED,

        Defendants.

_____ _____ _____ _____ _____/

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 27, 2010, I served a true and correct copy of
the **NOTICE OF REMOVAL AND JURY DEMAND** on the parties listed below
as follows:

*Attorneys for Plaintiffs:*

Will Haselden
Christopher L. Dore
KAMBEREDELSON, LLC
350 Northn LaSalle, Suite 1300
Chicago, IL 60654

1

[X] BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing.

Dated: October 27, 2010        **KRONENBERGER BURGOYNE, LLP**

By: *Karl A. Kronenberger*

Karl S. Kronenberger
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com

Attorney for Defendant,
1021018 Alberta Ltd., d/b/a JustThink Media