UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| KEVIN CHAMBERLAIN, an individual, NED NEWCOMER, an individual, and JERALD ADLER, an individual, on their own behalf and on behalf of all others similarly situated, | Case No. 4:10-CV-00477-SPM-WCS |
| Plaintiffs, | |
| vs. | |
| INTEGRACLICK, INC., a Delaware corporation, d/b/a Clickbooth, JUST THINK MEDIA, a Canadian company, d/b/a FAREND SERVICES LIMITED, | |
| Defendants. _____/ | |

**MOTION OF DEFENDANT 1021018 ALBERTA LTD. TO QUASH SERVICE OF PROCESS AND TO DISMISS COMPLAINT; MEMORANDUM IN SUPPORT**

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Defendant 1021018 Alberta Ltd., an Alberta corporation doing business as "JustThink Media" ("JTM"), incorrectly sued herein as "Just Think Media, a Canadian company, d/b/a Farend Services Limited," respectfully moves this Court for an order quashing service of process upon it.  As explained in the following

1

memorandum in support, Plaintiffs' service of process upon Co-Defendant IntegraClick, Inc., d/b/a Clickbooth ("Clickbooth") is ineffective as to JTM. Furthermore, Plaintiff must serve JTM under the provisions of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (1969) ("the Hague Service Convention"), and their failure to do so invalidates service upon JTM. Therefore, service of process upon JTM must be quashed.

Dated: November 3, 2010                    **KRONENBERGER BURGOYNE, LLP**

By:  /s/ Karl S. Kronenberger
Karl S. Kronenberger
*Attorney in Charge; admitted pro hac vice*
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com

Attorney for Defendant,
1021018 Alberta Ltd., d/b/a JustThink Media

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENTS AND AUTHORITIES................................................................3

    A. Standards for Determining Propriety of Service..........................................3

    B. Plaintiffs' purposed service upon JTM was improper and invalid...............4

        1. Plaintiffs failed to service JTM through an appropriate agent ........4

        2. Plaintiffs did not comply with the Hague Service Convention .......7

        3. Service in the manner attempted by Plaintiffs would not have been proper under the Federal Rules even if preformed in Canada .........9

III. CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

*Bradbery v. Frank L. Savage, Inc.,* 190 So.2d 183, 184-185 (Fla. 4th DCA 1966)..6

*Brockmeyer v. May*, 383 F.3d 798, 801(9th Cir. 2004)..............................................8

*Camron v. Odessia Shipping Co.,* 486 So.2d 30, 31 (Fla. 3d DCA 1986) ........... 6-7

*Compania Embotelladora Carty, S.A. v. Seven-Up Co.,* 279 F.2d
   175-176 (5th Cir. 1960) ......................................................................................5

*George A. Hormel & Co. v. Ackman,* 117 Fla. 419, 421-422, 158 So. 171, 172- 173
   (Fla. 1934)..........................................................................................................6

*Jerge v. Potter,* No. 99-CV-0312E(F), 2000 WL 1160459 at *1 (W.D.N.Y. Aug.
   11, 2000) ..........................................................................................................10

*Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990) .............................................4

*Marcantonio v. Primorsk Shipping Corp.,* 206 F.Supp.2d 54, 56 (D. Mass. 2002)..8

*Meier v. Sun Intern. Hotels, Inc.,* 288 F.3d 1264, 1268-69 (11th Cir. 2002)  ....... 3-4

*Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988)...........................................4

*Simari v. Illinois Cent. R. Co.,* 179 So.2d 220, 228 (Fla. 1st DCA 1965) ................6

*Volkswagen Aktiengesellschaft v. McCurdy,* 340 So.2d 544 (Fla. 1st DCA 1976)...6

*Volkswagen Aktiengesellschaft v. Schlunk* 468 U.S. 694, 698 (1988)...................8, 9

*Yackel v. Sentinel Life Mgt. Corp.,* 2007 ABCA 412 (Alta. Ct. Q. B. 2007)..........10

## Statutes

28 U.S.C. §1332(d)(2)................................................................................................2

28 U.S.C. §1441(a) ...................................................................................................2

Fed. R. Civ. P. 4 ................................................................................................*passim*

Fed. R. Civ. P. 12(b)(5)..............................................................................................3

Fla.Stat. 48.081(2)............................................................................................*passim*

## Other Authorities

*Alberta Rules of Court,* Alta. Reg. 360/1968, Rule 15(2)(b)............................*passim*

Convention on the Service Abroad of Judicial and Extrajudicial Documents in
     Civil or Commercial Matters, 20 U.S.T. 361 (1969)..............................*passim*

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

**I.     INTRODUCTION AND FACTS**

This action was filed in the Circuit Court of the State of Florida in and for the Second Judicial Circuit, of Leon County, Florida, Civil Division, on December 1, 2009 by Plaintiffs Kevin Chamberlain, Ned Newcomer, and Jerald Adler, individuals on their own behalf and purporting to act on behalf of all others similarly situated ("Plaintiffs"), in *Kevin Chamberlain, etc., et al., v. IntegraClick, Inc., et al.,* Case No. 09CA4695 (the "State Court Action").  The Complaint alleges that JTM and Clickbooth engaged in deceptive trade practices in connection with advertising campaigns for work-at-home services. Plaintiffs purport to sue on behalf of themselves and as the claimed representatives of a purported nationwide class of consumers who allege that JTM and Clickbooth billed Plaintiffs and the alleged class members excessive and unauthorized subscription fees for online work-at-home kits and other services purchased by Plaintiff and the members of the purported class.  (See, e.g., Complaint, ¶¶13, 17, 19, 24, 25, 37, 69, 72, 86, 88, 89.)  As alleged in the Complaint, JTM is a foreign nonresident corporation organized and existing in the province of Alberta, Canada.  (Complaint, ¶5.)

Plaintiffs did not take any formal steps to effect service of process on JTM for many months.  Then, on October 12, 2010, Plaintiffs attempted to effect service on JTM by serving the summons and Complaint upon a receptionist at a

1

Tallahassee law firm which apparently represents Clickbooth.  (Notice of Filing [of] Return of Service, Oct. 22, 2010, p. 3.)  Although not stated, it is apparent that plaintiffs' service of process in that manner was intended to effect service upon JTM through Clickbooth under the provisions of Fla.Stat. 48.081(2), which allows process to be served on a nonresident foreign corporation by serving "any agent transacting business for [the foreign corporation] in this state."  Plaintiffs filed a return of service on October 22, 2010.  (*Id.*)[1]

On October 27, 2010, JTM removed the state court action to this Court under the provisions of 28 U.S.C. §1332(d)(2), which comprise part of the Class Action Fairness Act ("CAFA"), as well as §1441(a).  (Notice of Removal, Oct. 27, 2010, Docket Entry ["D.E."] 1.)

Despite Plaintiffs' representations that they have served JTM, proper service has not been accomplished.  The affidavit of the process server indicates on its face only that service was made upon "LISA MALWITZ as RECPT" (apparently meaning "receptionist" at "Akerman Senterfitt, 106 E. College Ave, Ste 1200, Tallahassee FL 32101." (Notice of Filing of Return of Service, p. 3.)  The address purportedly served is, of course, *not* JTM's registered office.  (Declaration of Michael Stefaniuk in Support of Defendant's Motion to Quash Service of Process

---

[1] Plaintiffs' return states incorrectly that service was purportedly effected on October 11, 2010.  However, the affidavit of the process server states clearly that service was allegedly made on October 12, 2010.  (*Id.*)

2

and to Dismiss Complaint ("Stefaniuk Decl.") ¶4.)  In fact, that address does not belong to JTM and is not associated with JTM at all. (*Id*.)  Neither Ms. Malwitz, J. Martin Hayes (who is also listed as a person served allegedly on JTM's behalf), nor the Akerman Senterfitt firm are counsel or agents for JTM.  (*Id. ¶¶*5-7)  Therefore, service of process in that manner was invalid.

Second, service of the summons and complaint upon Akerman Senterfitt fails to comply with the controlling Hague Service Convention, or with Alberta law (which applies here with respect to service on JTM).  Not only was service attempted by a person not authorized to serve process under the Hague Service Convention, the person purportedly served at Akerman Senterfitt was not authorized to accept service on behalf of JTM.  Proper service was not accomplished, and Plaintiffs' action must thus be dismissed or, at a minimum, service of process must be quashed.

## II.   ARGUMENTS AND AUTHORITIES

### A. Standards for Determining Propriety of Service.

Federal Rule of Civil Procedure 12(b)(5) expressly authorizes a defendant to move for dismissal based on insufficient service of process. Fed. R. Civ. P. 12(b)(5).  When a nonresident defendant moves to quash service and supports that motion with affidavits, the plaintiff bears the burden of establishing a prima facie case that personal jurisdiction has been acquired through proper service. *Meier ex*

*rel. Meier v. Sun Intern. Hotels, Inc.,* 288 F.3d 1264, 1268-69 (11th Cir. 2002); *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted). Because Plaintiffs' service of process here did not comply with the Federal Rules, service should be quashed and the action should be dismissed.

### B. Plaintiffs' purported service upon JTM was improper and invalid.

#### 1. Plaintiffs failed to serve JTM through an appropriate agent.

Fed. R. Civ. P. 4(h)(1)(A) governs the service of process within the United States upon a foreign corporation. The rule requires service to be effected as prescribed by Rule 4(e)(1) as to service on an individual. Rule 4(e)(1), in turn, allows such service to be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

Plaintiffs attempted to serve JTM under the provisions of Fla.Stat. 48.081(2), which states that service upon a nonresident corporation may be effected by serving "any agent transacting business for [the foreign corporation] in this state." Plaintiffs' only apparent stated basis for serving JTM in the manner they chose is Plaintiffs' belief that Clickbooth is an "agent transacting business" for

4

JTM in Florida. There are two reasons why this method of attempted service was improper and invalid.

First of all, Plaintiffs did not even serve Clickbooth itself. Rather, Plaintiffs served a receptionist, "Lisa Malwitz," at the office of Akerman Senterfitt, a law firm in Tallahassee that represents Clickbooth. It is intuitive that a receptionist at a law firm simply cannot be considered an employee or agent of a company represented by that law firm. Plaintiffs have no evidence that the receptionist was anything but an employee of the law firm; nothing suggests, and there is nothing to prove, that she was an employee or agent of Clickbooth, let alone of JTM. And the fact is that she was not an employee or agent of JTM. (Stefaniuk Decl. ¶5.) Therefore, attempted service on the receptionist was invalid.

Second is the fact that Clickbooth is not an "agent" for JTM in the manner contemplated by the statute, so as to make service of process on Clickbooth effective as to JTM under Fla.Stat. 48.081(2). Where the nonresident defendant has no control over the party served other than as a result of a general contractual relationship, service upon that resident person or entity is not sufficient to perfect personal jurisdiction over the nonresident defendant under Fla.Stat. 48.081(2). See, e.g., *Compania Embotelladora Carty, S.A. v. Seven-Up Co.,* 279 F.2d 175, 175-176 (5th Cir. 1960) (local bottling franchise of soft drink manufacturer was not "agent" upon which service could be effected as to manufacturer); *Cameron v.*

5

*Odissea Shipping Co.,* 486 So.2d 30, 31 (Fla. 3d DCA 1986) (service on asserted local agent who did not have authority to accept service for foreign corporation was insufficient). Even a wholly-owned subsidiary will not be considered an "agent" for purposes of service of process under section 48.081(2) if the parent corporation is not shown to have exercised sufficient control over the subsidiary so as to render service on the latter sufficient. *Volkswagen Aktiengesellschaft v. McCurdy,* 340 So.2d 544 (Fla. 1st DCA 1976). Conversely, the types of "agents" that have been held to be effective recipients of process are the classic types of "agents" found in relationships such as sales representatives, booking agents, and other such representatives uniquely identified with a nonresident company. See, e.g. *George A. Hormel & Co. v. Ackman,* 117 Fla. 419, 421-422, 158 So. 171, 172-173 (Fla. 1934) (service on agent in Pensacola, who took orders and transmitted them to his employer in Mobile, was sufficient); *Bradbery v. Frank L. Savage, Inc.,* 190 So.2d 183, 184-185 (Fla. 4th DCA 1966) (salesman with exclusive territory was agent for corporation); *Simari v. Illinois Cent. R. Co.,* 179 So.2d 220, 228 (Fla. 1st DCA 1965) (service on resident passenger agent for railroad was effective).

Under these illustrations, Clickbooth is not an "agent" of JTM so as to render service of process on Clickbooth (assuming that occurred at all) sufficient and binding as to JTM. Plaintiffs have not put forth any evidence, or even a hint of evidence, that suggests that Clickbooth was anything other than a wholly

independent party to an advertising agreement with JTM. In fact, the evidence demonstrates that Clickbooth is *not* an agent of JTM. The agreement between JTM and Clickbooth even states that the relationship between JTM and Clickbooth is one of independent contractor, and no agency or similar relationship is created therefrom. (See Clickbooth.com Advertisers Terms and Conditions, ¶14, p. 5, Stefaniuk Decl. ¶8 & Ex. A.) And, at any rate, Clickbooth itself was not even served; the only person served by Plaintiffs with any process intended for JTM was a receptionist at a law firm that represents Clickbooth.

This is far too many rungs down the ladder to constitute valid service on JTM. The purported service on JTM must be quashed, and the Complaint must be dismissed as to JTM.

### 2. **Plaintiffs did not comply with the Hague Service Convention.**

In addition to the fatal errors explained in the foregoing section, Plaintiffs also failed to serve JTM, a foreign corporation, in the appropriate manner under the Hague Service Convention. Therefore, service on JTM was improper and must be quashed, and the Complaint must be dismissed.

Since JTM has no "agent" resident in Florida and is a foreign corporation, the only option left to Plaintiffs was to serve JTM via its agent or office outside of the United States. Rule 4 of the Federal Rules of Civil Procedure governs service of process on foreign business entities such as JTM, and requires that service be

made "by any international agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention…" The Hague Service Convention is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 468 U.S. 694, 698 (1988). Because the United States and Canada are both signatories to the Convention, the Convention provides the exclusive means by which Plaintiffs can serve JTM. *Schlunk,* 486 U.S. at 705 ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); *Brockmeyer v. May*, 383 F.3d 798, 801(9th Cir. 2004); *Marcantonio v. Primorsk Shipping Corp.,* 206 F.Supp.2d 54, 56 (D. Mass. 2002).

Plaintiffs' attempt to serve JTM through a purported agent located in Florida is ineffective. The primary method by which service is accomplished under the Hague Service Convention is by forwarding the summons and complaint to the "Central Authority" for the country in which service is to be made, along with a request for service. *See* Hague Service Convention, Arts. 2, 3 and 5. Once the Central Authority receives a request that complies with the Convention, the Central Authority must itself serve the documents or arrange to have them served by an appropriate agency. *Id.,* Art. 5. After service has been completed, the Central Authority must them "complete a Certificate in the form of the model annexed to

8

the… Convention," detailing "the method, the place and the manner of service" or explaining why service did not occur, and thereafter forward the completed Certificate "directly to the applicant." *Id.,* Art. 6. In addition to service through a country's Central Authority, Article 10 of the Hague Service Convention permits service of process by alternative means, including personal service or service by mail "[p]rovided the State of destination does not object." *Id.,* Art. 10.

Central to all of these methods, however, is the premise that the documents to be served must be transmitted *to the foreign country* before being served on the defendant *in that country*. *Schlunk*, 486 U.S. at 699. Plaintiffs did not comply with this basic requirement. The affidavit of service indicates that service was made on a receptionist in Tallahassee, at a law firm that is not the agent of JTM. Plainly, this does not comport with the Hague Service Convention, since service on JTM was not effected in Canada, JTM's home country. Service was therefore improper.

### 3. Service in the manner attempted by Plaintiffs would not have been proper under the Federal Rules even if performed in Canada.

Moreover, Plaintiffs' manner of attempting service on JTM – by handing papers to a receptionist – would not even have been good service if it had been performed in JTM's home jurisdiction of Alberta, Canada. Fed. R. Civ. P. 4(f)(2)(A) requires service abroad to be accomplished according to the rules applicable to service on individuals in the jurisdiction in which service is effected

(except for personal service, which is not permitted as to a foreign corporation like JTM, see Fed. R. Civ. P. 4(h)(2)). Alberta law, in turn, requires that service of process upon a corporation be accomplished:

> (b) by leaving a true copy of the document to be served with
>
>> (i) the mayor, reeve, president, chairman or other head officer, by whatever name that person is known, of the corporation, or
>>
>> (ii) the manager, office manager, cashier, secretary, agent, attorney, councillor, alderman, director, vice-president, executive vice-president, treasurer, secretary-treasurer, branch manager, assistant manager, comptroller, governor, principal, superintendent or commander, as the case may be, of the corporation.

*Alberta Rules of Court,* Alta. Reg. 360/1968, Rule 15(2)(b). Here, however, service was made by handing the papers to a receptionist. That would not be proper under Alberta law, and there is nothing else in the Federal Rules or any other authority that would even hint that it is appropriate to effect service of process by handing court papers action to an office secretary – particularly in light of the fact that both the Rule and Alberta law explicitly list other much higher-ranking officers (e.g., president, treasurer, secretary, comptroller) who are suitable recipients of such service. Fed. R. Civ. P. 4(h)(1)(B); *Alberta Rules of Court,* Rule 15(2)(b); cf. *Yackel v. Sentinel Life Mgt. Corp.,* 2007 ABCA 412 (Alta. Ct. Q. B. 2007) (applying rule). That is why simply walking into a corporate office and dropping an envelope off with a secretary is not conforming service. See *Jerge v. Potter,* No. 99-CV-0312E(F), 2000 WL 1160459 at *1 (W.D.N.Y. Aug. 11, 2000)

(explaining service of process in Ontario; holding receptionist is not valid recipient of service of process). Service upon JTM was improper, and must be quashed and the action dismissed with prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court should dismiss this action in its entirety with prejudice. At a minimum, the Court should issue an order quashing service of process upon JTM.


Dated: November 3, 2010                    **KRONENBERGER BURGOYNE, LLP**


By:  /s/ Karl S. Kronenberger
Karl S. Kronenberger
*Attorney in Charge; admitted pro hac vice*
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com

Attorney for Defendant,
1021018 Alberta Ltd., d/b/a JustThink Media

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2010, I electronically filed the foregoing document with the clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Attorneys for Plaintiffs:*

David P. Healy
2846-B Remington Green Cir.
Tallahassee, FL 32308
Email: dhealy@davidhealylaw.com

*Attorneys for Plaintiffs:*

Will Haselden
Christopher L. Dore
KAMBEREDELSON, LLC
350 Northn LaSalle, Suite 1300
Chicago, IL 60654
Email: cdore@edelson.com
Email: whaselden@kamberedelson.com


Dated: November 3, 2010     **KRONENBERGER BURGOYNE, LLP**


By:  /s/ Karl S. Kronenberger
Karl S. Kronenberger
*Attorney in Charge; admitted pro hac vice*
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com

Attorney for Defendant,
1021018 Alberta Ltd., d/b/a JustThink Media