UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEVIN CHAMBERLAIN, an individual
NED NEWCOMER, an individual, and
JERALD ADLER, an individual, on their
own behalf and on behalf of all others
similarly situated,

    Plaintiff,

v.                                      Case No.: 4:10-CV-00477-SPM-WCS

INTEGRACLICK, INC., a Delaware
corporation, d/b/a Clickbooth, JUST
THINK MEDIA, a Canadian Company,
d/b/a FAREND SERVICES LIMITED,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

THIS CAUSE comes before the Court on Defendant's motion to quash service of process and dismiss the complaint. Doc. 5. Defendant accompanied its motion with a memorandum of supporting law, Doc. 5; an affidavit from Michael Stefaniuk, Vice President of Engineering for 1021018 Alberta Ltd., Doc. 6; and a copy of the Clickbooth.com Advertisers Terms and Conditions contract, Doc. 6, Ex. A. Plaintiffs filed a response in opposition to Defendant's motion, Doc. 22, which included the following attachments: (1) Declaration of Benjamin H. Richman, attorney for Plaintiffs, Doc. 22, Ex. A; (2) Service papers under The Hague Convention, Doc. 22, Ex. A-1; (3) Affidavit of service, Doc. 22, Ex. A-2; (4) Notice of appearance by J. Martin Hayes, Doc. 22, Ex. A-3; (5) Notice of deposition, Doc. 22, Ex. A-4; and (6) Letter from Karl S. Kronenberg dated December 8, 2010, Doc. 22, Ex. A-5. For the reasons stated below, Defendant's motion will be DENIED.

Background

Plaintiffs Kevin Chamberlain, Ned Newcomer, and Jerald Adler, as individuals and on behalf of others similarly situated [hereinafter "Plaintiffs"], brought the instant action against Clickbooth and Just Think Media in the Circuit Court of the State of Florida in and for the Second Judicial Circuit of Leon County, Florida on December 1, 2009. Just Think Media, a foreign corporation established and doing business in the province of Alberta, Canada, removed Plaintiffs' state court case to this Court pursuant to 28 U.S.C. §§ 1332(d)(2) and 1441.

Plaintiffs brought suit against Just Think Media and Clickbooth alleging that defendants engaged in fraudulent trade practices, deceptive online advertising, and deceptive billing relating to the sale of work-at-home products. Plaintiffs allege that, with the help of Clickbooth and a carefully devised scheme, Just Think Media collects Plaintiffs' credit card information and charges and collects excessive monthly fees from its consumers. Doc. 22, p. 2.

In its motion, Just Think Media petitions the Court to dismiss Plaintiffs' action for failure to effect proper service of process. Just Think Media bases its motion upon two grounds: (1) Plaintiffs did not comply with the Hague Convention on Service Abroad and (2) Plaintiffs failed to properly serve Defendant through an appropriate agent.

Plaintiffs argue that they have exhausted every available measure to properly serve Just Think Media and that Just Think Media has engaged in evasive practices resulting in a waste of judicial resources. In support of its argument, Plaintiffs point the Court to the exhibits attached to its response to the motion to quash.

On May 2, 2010, Plaintiffs issued a request for service to Just Think Media in compliance with the Hague Convention on Service Abroad. Doc. 22, Ex. A-1. Plaintiffs engaged the service of a process server and, on July 6, 2010, Plaintiffs attempted to serve Just Think Media in

Edmonton, Alberta; Just Think Media, however, refused to accept service. Id. On September 29, 2010, attorney J. Martin Hayes of Ackerman Senterfitt, filed a notice of appearance with the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida as counsel on behalf of both defendants, Clickbooth and Just Think Media. Id., Ex. A-3. Subsequent to the representation that attorney Hayes was counsel for both Just Think Media and Clickbooth, Plaintiffs engaged the assistance of another process server and served a copy of the summons and the complaint on Lisa Malwitz, receptionist for Akerman Senterfitt, on October 11, 2010. Id., Ex. A-2. Shortly thereafter, on October 28, 2011, Just Think Media removed the case to this Court and included a copy of the summons and the complaint with the notice. See Doc. 1. On November 3, 2010, Just Think Media filed the instant motion to quash service of process. Counsel for Plaintiffs, Benjamin H. Richman, called Karl S. Kronenberger, counsel for Just Think Media, informed him of the repeated attempts to serve the company, and requested that Kronenberger accept service to put the issue to rest. Doc. 22, Ex. A, ¶ 5-6. Kronenberger refused to accept service. Plaintiffs claim that Just Think Media's non-compliance thus far has been evasive and requests the Court to order Just Think Media to accept service.

Standard

Rule 12 (b)(5) allows a defendant to move for dismissal on the grounds of insufficient service of process. FED R. CIV. P. 12(b)(5). Once the sufficiency of service is brought into question, the plaintiff has the burden of proving proper service of process. Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999). If the plaintiff can establish that service was proper, the burden shifts to the defendant to "bring strong and convincing evidence of insufficient process." Hollander v. Wolf, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. 2009); see O'Brien v. R.J. O'Brien Associates, Inc., 998 F.2d 1394,

1398 (7th Cir. 1993). "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact." Hollander, 2009 WL 3336012, at *3 (citations omitted).

There are two ways in which a foreign corporation may be served that are applicable to the instant case: (1) extra-territorial service in compliance with international agreements and (2) service within the United States made upon an agent of the foreign corporation or in compliance with state law governing service upon a foreign corporation

### Service Pursuant to the Hague Convention

A foreign corporation is subject to service outside of the United States by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1); see also FED. R. CIV. P. 4(h)(2). The Hague Convention's provisions authorize service on a defendant in a foreign jurisdiction by providing a set of guidelines that contracting states must follow. See Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361 [hereinafter Hague Convention on Service Abroad]. The main purpose of the Hague Convention on Service Abroad is "to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." Volkswagenwerk Aktiengesellschaft v. Schlunk, 286 U.S. 694, 698 (1988). By agreeing to be parties to the Convention, contracting states must work together to effectuate the goals embodied therein by following the procedures for service set out in the Convention.

The first step that each state must take in compliance with the Convention, pursuant to Article 2, is to designate a central authority to receive requests for service of documents from other countries that are parties to the convention. Hague Convention on Service Abroad. Then,

the central authority must serve the documents by a method prescribed by internal law or by a particular method requested by the applicant so long as it is compatible with the law of the receiving state. Id. at art. 5. Furthermore, the central authority must then complete a certificate of service which states that the document has been served; if it has not been served, the certificate must state the reasons which have prevented service. Id. at art. 6.

In the instant case, Plaintiffs have demonstrated an attempt to comply with the Hague Convention's service requirements, and their attempt was thwarted when Defendant would not accept service. See Doc. 22, Ex. A-1. Plaintiffs contacted the designated Canadian Central Authority on May 2, 2010 to request service of the summons and the complaint on Defendant in Canada. Id. The Canadian Central Authority verified the request and attempted to serve Defendant on July 6, 2010 in accordance with the provisions of Article 5 sub-paragraph (a) of the Convention; however, Defendant refused to accept service from the process server. Id. As Plaintiffs point out, Defendant should not be permitted to "demand that Plaintiffs serve process under the Hague Convention, refuse to accept service when they do, and then cry foul." Doc. 22, p. 7. While the Hague Convention stands as a method to effect service between foreign states, its main purpose is to act as a safeguard for extra-territorial defendants by requiring that defendants be provided adequate notice of their need to defend in foreign courts. Where it is evident that the Plaintiffs have tried to comply with the Hague Convention on Service Abroad and that Defendant has notice of suit and is taking active steps to evade service in hopes of making it more difficult for Plaintiffs to effectively serve them, the underlying purpose of the Hague Convention's service procedures are frustrated.

Service Upon an Agent

Federal Rule of Civil Procedure 4(h) provides two ways in which a foreign corporation is subject to service in a judicial district of the United States. First, service may be effected by following the state law regarding service of a foreign corporation in the jurisdiction where the district court is located or where service has been made, Fed. R. Civ. P. 4(e)(1), (h)(1)(A). In the instant case, Plaintiffs are attempting to effect service on Defendant pursuant to section 48.081(2) of the Florida Statutes. According to section 48.081(2), a plaintiff may effect service on a foreign corporation by serving "any agent transacting business for [the foreign corporation] in this state." The second way in which a foreign corporation is subject to service in a judicial district of the United States is by delivering a copy of the summons and the complaint to an officer or agent of the corporation, see Fed. R. Civ. P. 4(h)(1)(B).

To determine whether Plaintiffs have properly served Defendant under Rule 4(h) in either of the two manners outlined above, it is necessary for this Court to determine first whether Clickbooth or, alternatively, Akerman Senterfitt was an agent of Just Think Media. To establish an agency relationship under Florida law, the plaintiff must establish "(1) acknowledgment by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." Gregory v. EBF & Assoc., L.P., 595 F. Supp. 2d 1334, 1340 (S.D. Fla. 2009); State v. Am. Tobacco Co., 707 So. 2d 851, 854 (Fla. 4th DCA 1998). The most important element in the agency test is the amount of control that the foreign corporation has over the purported agent. See State v. Am. Tobacco Co., 707 So.2d at 854-855. "Only where there is a showing by plaintiff that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities

of the parent within the state is substituted service of process permitted." Volkswagenwerk Atkiengelselischaft v. McCurdy, 340 So.2d 544, 546 (Fla. 1st DCA 1976).

In the instant case, Plaintiffs attempted to serve Defendant by delivering a copy of the summons and the complaint to the secretary at Ackerman Senterfitt, the law firm representing co-defendant Clickbooth. It is evident that, by delivering the paperwork to Ackerman Senterfitt, Plaintiffs attempted to serve Defendant through its agent in Florida. This Court does not agree with Plaintiffs that Clickbooth was an agent of Defendant because it is not evident that the level of control that Defendant had over Clickbooth was sufficient to give rise to an agency relationship. Despite the fact that Clickbooth may not satisfy the necessary elements to be Defendant's agent, Plaintiffs attempt to serve Defendant by delivering a copy of the summons and the complaint at Ackerman Senterfitt was still sufficient to serve Defendant. As is evident from the notice of appearance that is attached to Plaintiffs' response, Doc. 22, Ex. A-3, an attorney at Ackerman Senterfitt, J. Martin Hayes, represented to the Circuit Court in Leon County, Florida that he was counsel for Defendant. See Doc. 22, Ex. A. It is well settled that, "[g]enerally, an attorney serves as agent for his client; the attorney's acts are the acts of the principal, the client." Andrew H. Boros, P.A., v. Arnold P. Carter, M.D., P.A., 537 So.2d 1134, 1135 (3d DCA 1989)(citations omitted). Therefore, Plaintiffs were justified in their belief that service upon Defendant through serving a party that held itself out to be an agent of Defendant to the Circuit Court in Levy County was well-founded.

This Court finds that delivering a copy of the summons and the complaint to Ackerman Senterfitt, coupled with the attempted direct service of Defendant in compliance with the Hague Convention, is sufficient to withstand Defendant's motion to quash service of process. Defendant does not set forth a strong enough counter-argument to establish that Plaintiffs service

was insufficient. Where it is evident that Plaintiffs have tried to comply with every available means to provide Defendant with notice, that Defendant does have actual notice of suit, and that Defendant has been evading service, it seems futile to require Plaintiffs to expend countless additional resources in order to effect service upon Defendants.

Accordingly, it is

ORDERED and ADJUDGED that Defendant's motion to quash service of process is DENIED.

DONE and ORDERED this <u>fifteenth</u> day of April, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge