**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

KEVIN CHAMBERLAIN, an individual
NED NEWCOMER, an individual, and
JERALD ADLER, an individual, on their
own behalf and on behalf of all others
similarly situated,

      Plaintiff,

v.                             Case No.: 4:10-CV-00477-SPM-WCS

INTEGRACLICK, INC., a Delaware
corporation, d/b/a Clickbooth, JUST
THINK MEDIA, a Canadian Company,
d/b/a FAREND SERVICES LIMITED,

      Defendant.
_____/

**ORDER ON DEFENDANT INTEGRACLICK, INC.'S MOTION TO DISMISS CLASS**
**ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**

      THIS CAUSE comes before the Court on Defendant Integraclick, Inc.'s amended

Motion to dismiss Plaintiffs' class action complaint and to strike class allegations (doc.

9).  Plaintiffs filed a response in opposition to defendant's motion (doc. 35).  For the

reasons set forth below, Defendant's motion will be DENIED.

**I. Background**

      Plaintiffs have brought this purported class action against Defendants alleging

fraud in the inducement (Count I), conspiracy to commit fraud in the inducement (Count

II), restitution/unjust enrichment (Count III), and breach of contract (Count IV).  This case

involves deceptive internet advertising for work-at-home products and improper charges

for such products.   In its motion, Defendant Integraclick asserts that Counts I, II, and III

should be dismissed for the following reasons: "(1) no claim may be stated because Plaintiffs failed to attach to their Complaint the document(s) on which their claims are based; (2) the claims asserted fail to state a cause of action; and (3) Plaintiffs' claims brought on behalf of the subclass are improper on their face."  (Doc. 9, p. 1.). Integraclick's arguments are addressed below.

## II.  Standard of Review

When evaluating the merits of a motion to dismiss, a court must accept all reasonable inferences from the complaint and consider all allegations as true.  Broward Garden Tenants Ass'n. v. U.S. Envtl. Prot. Agency, 157 F. Supp. 2d 1329, 1337 (S.D. Fla. 2001).  Furthermore, a court must view the allegations of the complaint in the light most favorable to the plaintiff.  See Fed. R. Civ. P. 12(b)(6);  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);  Jackson v. Okaloosa Cnty., Fla., 21 F. 3d 1531, 1534 (11th Cir. 1994).

The threshold of sufficiency a complaint must meet in order to survive a motion to dismiss for failure to state a claim is "exceedingly low."  Broward Garden Tenants Ass'n., 157 F. Supp. 2d at 1337.  Dismissal pursuant to Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint."  Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp., 208 F.3d 1308, 1310 (11th Cir. 2000) (quoting Hison v. King & Spalding, 467 U.S. 69, 73 (1984) (internal citations omitted).

The standard by which a court should judge a motion to dismiss was modified in Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 555 (2007), holding "[w]hile a

2

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  By modifying the standard, the Supreme Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible.  Id.  As the Supreme Court explained,

> [a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.  And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

Id. at 556 (quoting Scheuer, 416 U.S. at 236).  The Supreme Court further explained the modified standard in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (U.S. 2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Accordingly, to survive a motion to dismiss, a plaintiff must set forth factual allegations in a manner that does not merely mirror the elements of a claim and suggests that a claim for relief is plausible.

*Heightened Pleading Requirements for Fraud Allegations*

The pleading requirements set forth in Rule 8(a)(2) require a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To survive a motion to dismiss, a plaintiff needs only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  When a plaintiff alleges fraud, however, a plaintiff must comply with Rule 9 in addition to Rule 8.  Federal Rule of Civil Procedure 9(b) provides that when "alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  This heightened requirement to plead with particularity requires that plaintiffs plead "the who, what, when, where, and how: the first paragraph of any newspaper story" to satisfy the standard.  Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007).

Integraclick argues that this Court  should read  Florida Rule of Civil Procedure 1.130(a), into the heightened pleading requirements of Rule 9(b) and dismiss Plaintiffs' complaint for failure to adequately plead its claims.  Florida Rule 1.130(a) states that "documents upon which action may be brought or defense made... shall be incorporated in or attached to the pleading[.]"  Integraclick argues that Plaintiffs' failure to attach the bank statements to the complaint is fatal to Plaintiffs' claims.  Integraclick's argument clearly misunderstands the law.  In federal court, the procedural requirements are governed by the Federal Rules of Civil Procedure, not state procedural rules.  Hanna v. Plumer, 380 U.S. 460 (1965).  As such, the Florida Rules of Civil Procedure have no bearing on whether Plaintiffs have sufficiently plead their allegations with the requisite particularity.

Under the Federal Rules of Civil Procedure, it is explicit that "the failure of plaintiffs to attach to their complaint a copy of the [documents] sued upon is not ground for dismissal of the complaint, since attachment . . . is permissive only, and not mandatory."  Ryan v. Glenn, 52 F.R.D. 185, 192 (N.D. Miss. 1971).  So long as Plaintiffs set out a short and clear statement of the specific facts that adequately put Integraclick on notice of Plaintiffs' claims, Plaintiffs' complaint has been pled sufficiently.

4

### III.  Failure to State a Cause of Action

Integraclick argues that Plaintiffs' allegations of fraud in the inducement, conspiracy to commit fraud in the inducement, and restitution/unjust enrichment fail to state a cause of action Specifically, Integraclick argues that "Plaintiffs' claim for fraud in the inducement [and conspiracy to commit fraud in the inducement] fails to plead fraud with particularity, including, but not limited to, the dates or time frame of the alleged misrepresentations or omissions and the specific party making such representations or omissions."  (Doc. 9, p. 5.)  Integraclick further argues that Plaintiffs' unjust enrichment claim must be dismissed under Rule 12(b)(6) because Plaintiffs fail to allege that Plaintiffs conferred a benefit to Integraclick.  Id.

*Count I- Fraud in the Inducement*

To sufficiently plead a claim for fraud in the inducement, Plaintiffs must establish with the requisite particularity the following four elements: "(1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance."  Thompkins v. Lil' Joe Records, Inc., 476 F.3d 1294, 1315 (11th Cir. 2007).  Integraclick argues that Plaintiffs' fraud claim must be dismissed for two reasons: (1) Plaintiffs' exhibits negate their claims and (2) failure to comply with the particularity requirement of Rule 9(b).

To support its motion to dismiss, Integraclick first argues that Plaintiffs' attachments negate Plaintiffs' claims that Integraclick failed to disclose the actual price to the customer or intentionally made the actual price representations difficult to locate.

5

This Court does not agree.  The exhibits attached to Plaintiffs' complaint plainly support Plaintiffs' allegations that the payment representations were not conspicuous.  As a result, Plaintiffs' claims will not be dismissed based upon this assertion.

Secondly, Integraclick argues that Plaintiffs fail to plead fraud in the inducement with the requisite particularity.  Contrary to Integraclick's position, this Court believes that Plaintiffs have sufficiently pled the elements of fraud in the inducement.  Plaintiffs have alleged a grandiose and fraudulent scheme that centers around Integraclick's participation.  The Plaintiffs have satisfied the first element of fraud in the inducement by alleging that the scheme involves Integraclick's omissions or material misrepresentations of the product's price.  To support this allegation, Plaintiffs have specifically stated that Integraclick and Just Think Media worked together on advertising schemes that would induce plaintiffs to believe that they would be working for Google in a work-at home-setting.  This scheme, allegedly, involved concealing actual prices for the work-at-home materials or making them difficult to locate and distinguish on the web page. Additionally, Plaintiffs have sufficiently alleged the second element by stating that Integraclick knew or should have known that their representations or omissions were false based on their attempts to conceal the information and upon their involvement in the development of the deceptive advertising scheme with Just Think Media.  Moreover, Plaintiffs have established the third element by alleging that Integraclick had the intention to cause consumers to rely upon the price representations, as Integraclick would gain a profit each time the consumer entered its credit card information.   Lastly, the Plaintiffs have established the fourth element of fraud in the inducement by alleging that the Plaintiffs were harmed when they were charged additional fees without notice.

6

Integraclick further argues that Plaintiffs' failure to include a specific time frame in their complaint during which the alleged fraud in the inducement occurred does not comply with Rule 9(b)'s heightened pleading requirements.  To comply with Rules 8 and 9(b), "plaintiff[s] must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1310 (11th Cir. 2002) (internal citations omitted).  The complaint does not provide the time of the alleged fraud, which is critical, but merely states "[d]uring the relevant period" and vaguely refers to the recession. The heightened pleading standard, required under Rule 9(b), is relaxed when the specific "'factual information is peculiarly within the defendant's knowledge or control.'" Hill v. Morehouse Med. Assocs., Inc., 2003 WL 22019936, at *3 (11th Cir. 2003) (quoting United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield., Inc., 755 F.Supp. 1040, 1052 (S.D.Ga.)). The time that the named Plaintiffs accessed the Defendants' internet materials and were allegedly defrauded thereby is not within the particular knowledge of the Defendants. Although this case is a purported class action, the Plaintiffs are not exempted from the requirements of Rule 9(b). Therefore, the Plaintiffs have failed to sufficiently set forth the fraud claim. While this claim is thus subject to dismissal without prejudice, as the plaintiffs have by and large stated a plausible fraud claim, they will be allowed to amend the complaint to specify when the named Plaintiffs were allegedly defrauded. See Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995) ("Where a more carefully drafted complaint might state a claim upon which relief could be granted, the district court should allow the plaintiff to amend the

complaint rather than dismiss it.").

*Count II- Conspiracy to Commit Fraud in the Inducement*

Integraclick next argues that Plaintiffs' conspiracy claim should be dismissed for failure to state a claim.  To state a claim for conspiracy to commit fraud in the inducement, Plaintiffs must  allege: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." United Technologies Corp. v. Mazer, 556 F.3d 1260 (11th Cir. 2009).   Integraclick argues that, since Plaintiffs should be unable to maintain a claim for fraud in the inducement, the conspiracy allegation must also be dismissed.

Plaintiffs have sufficiently shown that Integraclick and Just Think Media had an explicit agreement relating to the advertising scheme that is the focus of the instant action.  Plaintiffs have also sufficiently alleged that Integraclick created and maintained misleading advertisements and transaction pages and, thus, participated in an unlawful and fraudulent scheme derived to charge Plaintiffs sums which were unknown to them. However, as the Plaintiffs did not specify the time that the alleged fraud which was the object of the conspiracy occurred, they have failed to comply with the requirements of Rule 9(b). As expressed above, Plaintiffs will be allowed to amend the complaint to state when the fraud in the inducement occurred.

*Count III- Unjust Enrichment/ Restitution*

Lastly, Integraclick argues that Plaintiffs' unjust enrichment/ restitution claims should be dismissed for failure to state a claim upon which relief may be granted.  The

following four elements are necessary for Plaintiffs to establish a cause of action for unjust enrichment/restitution: "1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." <u>Della Ratta v. Della Ratta</u>, 927 So.2d 1055, 1059 (Fla. 4th DCA 2006).

Integraclick argues that Plaintiffs fail to establish the first element in their complaint.  To support its argument, Integraclick argues that, if anything, Plaintiffs have alleged a benefit to Just Think Media and have not alleged that Plaintiffs conferred any benefit to Integraclick.  Furthermore, Integraclick argues that even if Plaintiffs have alluded to a benefit being conferred upon Integraclick, the benefit is "to remote" to hold Integraclick liable for unjust enrichment.  Upon review of Plaintiffs' complaint, it is evident that Plaintiffs have sufficiently established a claim for unjust enrichment against Integraclick to survive a motion to dismiss.  Specifically, Plaintiffs allege:

> Plaintiffs and the Subclass conferred a monetary benefit on Defendant Clickbooth.  Defendant has received and retained money belonging to Plaintiffs . . . resulting from substantial and unauthorized charges placed on their credit card bills by Just Think Media.  Defendant Clickbooth profits from each individual purchase made by a consumer after being directed to a Just Think Media website.

Doc. 1, ¶ 93.  Furthermore, for the purposes of a motion to dismiss, Plaintiffs have established the additional elements of unjust enrichment and the Court will not dismiss their claim at this stage.

**IV.  Integraclick's Motion to Strike the Class & Subclass Allegations**

Defendant Integraclick has also moved to strike the class action allegations of the

9

complaint.. It is well established that "the action of striking a pleading should be used sparingly by the courts . . . and should be granted only when the pleading to be stricken has no possible relation to the controversy." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir.1953). "The question of class certification is generally not addressed on a motion to dismiss." Chaney v. Crystal Beach Capital, LLC, 2011 WL 17639, at *2 (M.D. Fla. 2011). "[T]he shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form." Motisola Malikha Abdallah v. Coca-Cola Co., 1999 WL 527835, at *1 (N.D. Ga. July 16, 1999) (citing Jones v. Diamond, 519 F.2d 1090, 1098 (5th Cir. 1975)). The Court acknowledges that fraud based claims are often ill-suited for class action litigation. However, as the Plaintiffs have not yet filed a motion for class certification, the Court will not make a determination regarding class certification at this time.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1.      Defendant Integraclick's Amended Motion to Dismiss Class Action Complaint and to Strike Class Allegations (doc. 9) is DENIED.

2.      Plaintiffs shall have until June 17, 2011, to amend the complaint to set forth with particularity the time of the fraud perpetrated against the named Plaintiffs as alleged in Counts I and II of the indictment.

DONE AND ORDERED this twenty-fifth day of May, 2011.

s/ Stephan P. Mickle
Stephan P. Mickle
Chief United States District Judge

10